UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

GERID ALLEN PARKER, )
)
        Plaintiff, )
vs. ) 4:11-cv-0026-SEB-WGH
)
SHERIFF MIKE KREINHOP, et al., )
)
        Defendants. )

**Entry Discussing Complaint, Dismissing Certain Claims
and Directing Further Proceedings**

Plaintiff Gerid Allen Parker, an inmate at the Dearborn County Law Enforcement Center, alleges that on or about September 18, 2010, his constitutional rights were violated. Specifically, Parker alleges that defendant Corp. Jerry Kinnett slammed the port hole in the holding cell while Parker=s Ahand was stuck out in it.@ His claim is brought pursuant to 42 U.S.C. ' 1983.

**I.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. ' 1915A(b)(1)). The complaint in this action is subject to this screening process.

Certain of Parker=s claims are legally insufficient and must be dismissed. The **claims against defendants Sgt. Amy Vance and Sheriff Mike Kreinhop are dismissed** because there is no allegation that either of these defendants had any personal or direct involvement in the injury to Parker=s hand or any other allegedly unconstitutional conduct. The only claim against Sgt. Vance is that Ashe was aware of the incident but failed to take proper procedures to assure [Parker=s] rights were being afforded.@ The only allegation against the Sheriff is that Parker filed an administrative complaint with the Sheriff and that the administrative complaint Awas unsuccessful.@ Liability is plausibly attributed to a higher official only if he or she is shown to "actually have participated in the constitutional wrongdoing." *Del Raine v. Williford*, 32 F.3d 1024, 1037 (7th Cir. 1994). *See also Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under [42 U.S.C.] ' 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."). It is well-settled that a supervisory relationship will not alone support liability for the alleged misdeeds of a subordinate. *West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of

*respondeat superior* is not available to a plaintiff in a section 1983 suit"). The allegation that defendant Sheriff Kreinhop or Sergeant Vance failed to act appropriately in response to the plaintiff=s administrative grievance, moreover, is also insufficient to support a viable claim for relief, because the plaintiff had no expectation in a particular outcome of his grievances. *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996)(Aa state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause@); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under ' 1983).

## II.

The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendant Jerry Kinnett in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process in this case shall consist of the complaint, applicable forms and this Entry.

## III.

The plaintiff has failed to sign the Complaint as required by Rule 11 of the *Federal Rules of Civil Procedure*. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the party=s attention. The plaintiff shall have **through February 28, 2012**, in which to file a statement with the court affirming and adopting the complaint as his as of the date it was filed. Failure to do so may lead to the dismissal of this action without further notice.

The **clerk is directed** to include a copy of the complaint along with the plaintiff=s copy of this Entry.

**IT IS SO ORDERED.**

Date: 01/18/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Gerid Allen Parker
Dearborn County Law Enforcement Center
301 W. High Street
Lawrenceburg, IN 47025

Cor. Jerry Kinnett
Dearborn County Law Enforcement Center
301 W. High Street
Lawrenceburg, IN 47025

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.